UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ABDUL KARIM J. KELLEY, | ) | CASE NO. 1:17 CV 1909 |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| v. | ) | OPINION & ORDER |
| CITY OF CLEVELAND, et al., | ) | |
| Defendants. | ) | |

On September 11, 2017, plaintiff *pro se* Abdul Karim J. Kelley, an inmate at the Lorain Correctional Institution, filed this 42 U.S.C. § 1983 action against the City of Cleveland and the Cuyahoga County Jail Medical Department. Plaintiff's very brief statement of claim in the Complaint alleges a psychiatrist at the Cuyahoga County Jail spoke to him in an abusive manner and prescribed medication that was not appropriate to treat his psychiatric condition. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim against the named defendants. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Government entities "cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). *Monell* requires that to establish such liability under § 1983, "a plaintiff must allege an unconstitutional action that "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or a constitutional deprivation[ ] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir.2003)(quoting *Monell*, 436 U.S. at 690-91). The Complaint does not set forth allegations indicating defendants have an unconstitutional policy or custom that resulted in a violation of plaintiff's rights.

Accordingly, this action is dismissed under section 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: November 29, 2017　　　　　　　　*s/　　James S. Gwin*　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE